## Case No. 2,544.

### The CEMENT ROCK and The VENTURE.

[8 Ben. 443.] [1]

District Court, S. D. New York.  June, 1876.

COLLISION IN THE KILLS—TUG AND TOW—VESSEL AT ANCHOR.

1. A schooner lying at anchor in the Kills was struck by a barge which was being towed by a propeller. The tide, which was flood, gave the barge a set towards the schooner. The propeller, in defence, set up that the barge was not properly steered after the propeller, which passed the schooner at a proper distance. The barge, in defence, set up that she followed the propeller, which went close by the schooner, and that the schooner took a sheer in the tide and ran into the barge: Held, that the allegation of the barge, that the schooner sheered, was not proved.

2. The allegation of the propeller, that the barge was not steered after the propeller, was not proved.

3. As the tide set the barge towards the schooner, the propeller should have taken great care not to go so near the schooner that a sheer of the barge might carry her into the schooner.

4. The propeller was in fault in going too close to the schooner, and in not keeping a proper lookout astern, and was solely liable for the collision.

In admiralty.

D. McMahon, for libellants.

Butler, Stillman & Hubbard, for propeller.

Beebe, Wilcox & Hobbs, for barge.

BLATCHFORD, District Judge. This libel is filed by the owners of the schooner J. B. Bleecker, against the steam propeller Cement Rock and the barge Venture, to recover for the damages caused to the schooner through a collision which took place between the barge and the schooner, on the morning of the 5th of October, 1873, after sunrise. The schooner was lying at anchor in the Kills, off Port Johnson, in a proper place, on the north side of the channel, and with abundant room between her and the south side of the channel for passing vessels to go by her in safety. The propeller was going to the westward with the barge in tow on a hawser. The barge was heavily laden with railroad iron. She struck the starboard bow of the schooner, as she was being towed past by the propeller.

The libel alleges that the schooner had her head to the east; that the tide was flood; and that the collision was caused as well by the carelessness, negligence and want of seamanship on the part of those having charge of the propeller, in approaching too near with her tow to the northerly side of the channel, where the schooner lay at anchor, and in not properly looking out ahead, and in not slowing and stopping in time, but in going at too great a speed and taking a sudden sheer, as by the negligent acts of those on the barge,

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

in not watching or minding their helm, and was not caused or contributed to by those in charge of the schooner.

The answer of the propeller alleges that the propeller passed the schooner at a distance of about 220 feet; that, after the propeller had passed the schooner, the barge struck the schooner; that the propeller was going in a straight course towards the northwest, at the time, the schooner being headed to the southward; that the tide was flood and had a set in towards the land in the direction of the schooner, which caused the barge to sheer in towards her in passing, unless prevented by the helm, which was not done; and that the collision was occasioned solely by the fault of those in charge of the barge, in not having a hand stationed at the helm to prevent the barge from sheering, and was not owing to any negligence or want of skill on the part of those in charge of the propeller.

The answer of the barge alleges that the captain of the barge took charge of her wheel, and steered her in the wake of the propeller; that the propeller passed the schooner in close proximity to her, on her starboard side, the barge following carefully in the wake of the propeller; that, when the barge had reached a point about abreast of the schooner, there being at the time no one either at the wheel or on the deck of the schooner, the tide being flood, the schooner took a sudden sheer ahead and out of the course on which she had been heading, and came in contact with the barge, and thus caused the damage; that, if any fault is chargeable on the propeller, it is that she did not take the barge alongside of her, and did not give the schooner a wider berth in passing her; and that the schooner was in fault in not having a man on deck and at the wheel to break the sheer of the schooner.

There is no evidence that the schooner took any sheer or was at all in fault. Therefore, the fault was with both or one of the other vessels. It is shown that the flood tide, at the place of this collision, sets over towards the place where the schooner was at anchor; and, as the barge was heavily laden, and was being towed astern, great care and watchfulness were required on the part of the propeller, to see that the barge was towed by, so far off from the schooner as not to be liable, on taking a sheer with the tide, to hit the schooner. There was abundance of room to the southward, and I am satisfied, from the evidence, that the propeller went too near to the schooner. Although she herself cleared the schooner, she dragged the barge so near, that the tide, sheering the barge, sent the barge against the schooner, before the sheer was stopped. Moreover, the persons in charge of the propeller were bound to know the set of the tide and the liability of the barge to sheer with it, and to keep a proper lookout astern. But they kept no lookout astern, and only noticed the sheer of the barge when the barge had nearly reached the schooner.

The remaining question is as to whether the barge also was in fault. The testimony of two witnesses who were on board of the propeller is to the effect that the man on the barge had left his wheel and did not return to it until after the barge had taken the sheer and had got very near to the schooner, and when it was too late to break the sheer. On the other hand, the man on the barge, who, in giving his evidence, impressed me as being a truthful witness, and as telling an honest and straight story, testifies that he never left his wheel for a moment, and that, as soon as he noticed the schooner, and at a time when the propeller was just about abreast of the barge, he put his wheel hard-a-starboard, and kept it so till after the collision. I regard this evidence as the more reliable. The witnesses from the propeller are evidently mistaken in saying that the wheel of the barge was forward of her cabin and not aft of it. They place it in a position where they could the more easily see it. As it was not in that position, the more proper conclusion from the evidence is, that the witnesses from the propeller are mistaken in saying that they saw the man on the barge away from the wheel at the time in question.

There must be a decree for the libellants against the propeller, with costs, with a reference to ascertain the damage caused to the libellants by the collision, and the libel must be dismissed, with costs, as against the barge.